# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **THOMAS EARL PORTER**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:05CV00720 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Thomas Earl Porter, Petitioner Pro Se; William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Respondent.*

The petitioner Thomas Earl Porter, a federal inmate, brings this action as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 2006). Porter challenges the validity of his confinement under a 2004 judgment of this court sentencing him for a drug offense. Upon review of the record, I find that Porter is not entitled to relief under § 2255 and that the respondent's Motion to Dismiss must be granted.

I

Porter was indicted on June 9, 2004, in a seven-count indictment charging him with drug trafficking crimes. He pleaded guilty on September 2, 2004, pursuant to a written plea agreement, to one count of conspiracy to distribute crack cocaine and cocaine powder. *See* 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2006). The other six charges were dismissed. Section 9 of the plea agreement stated that "I further agree to waive my right to collaterally attack, pursuant to [28 U.S.C. § 2255], the judgment and any part of the sentence imposed upon me by the Court." Section 13 of the agreement provided that Porter had an opportunity to earn one or more sentence reductions based on substantial assistance, but the government did not promise that such a motion would be made. This section also stated, "I understand and agree that this plea agreement is not contingent in any way on the United States making a substantial assistance motion." Section 18 included the following statement: "I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty."

Porter testified during the plea colloquy that he was entering the plea and the plea agreement knowingly and voluntarily. He stated to the court that he was thirty-eight years old, had a tenth grade education, was able to read and understand English

sufficiently to know what was being said,[1] was not under the care of a doctor or psychiatrist, and was not under the influence of drugs or alcohol. Porter also indicated to the court that he had had enough time to talk with his attorney about the indictment and the elements of the charge to which he was pleading guilty and that he was fully satisfied with the representation and advice that his attorney had provided.

The court questioned Porter about his understanding of the consequences of his plea, the trial rights he was waiving, his understanding of the elements of the charge, the civil rights he was giving up by way of his conviction, the ten-year mandatory minimum sentence he faced for the offense, and the effect of the sentencing guidelines. Porter repeatedly indicated that he understood all these things and did not have any questions. The court asked Porter, "[O]ther than the plea agreement, has anyone made any other promise or assurance to you of any kind in any effort to induce you to plead guilty?" Porter answered, "No, sir." (Plea Tr. 16.) The court found that the plea was knowing and voluntary and adjudged Porter guilty of conspiracy.

---

[1] When the court asked Porter during the plea hearing whether he could read and understand English, Porter answered, "Not that well, sir." The court asked, "But you do know what's being said, don't you?" Porter answered, "Yes, sir." (Plea Tr. 3.)

On November 22, 2004, the court conducted a sentencing hearing in Porter's case. The government filed a Motion for Reduction of Sentence based on Porter's substantial assistance, asking that he be sentenced below the statutory mandatory minimum. The court granted the Motion and sentenced Porter to 175 months imprisonment.

In November 2005, Porter filed this § 2255 motion, alleging that his attorney provided ineffective assistance in the following respects:

1. Counsel coerced petitioner into pleading guilty without investigating petitioner's ability to understand the plea agreement, given petitioner's inability to read or write; counsel also failed to inform the court or the government of petitioner's inability to read or write.

2. Counsel promised to continue helping petitioner after sentencing to procure an additional motion for sentence reduction based on substantial assistance, but failed to follow through on this promise, and counsel and law enforcement agents broke a post-sentencing promise that petitioner would receive a Rule 35(b) motion.

Porter has filed an affidavit in support of the second ground for relief, alleging the following sequence of events: (1) Government agents promised Porter even before he entered the guilty plea that if he continued to provide information after sentencing, the government would make a post-sentencing motion to reduce his sentence even further, pursuant to Fed. R. Crim. P. 35(b); (2) Counsel continued helping Porter with

- 4 -

his substantial assistance efforts until November 2005, by arranging meetings between Porter and the investigative agents and by reporting to Porter the agents' assessment of his assistance; (3) Counsel told Porter that the government would make a second motion for downward departure within one year to eighteen months after sentencing; and (4) Counsel estimated that with the second motion for departure, Porter's sentence might be lowered from fourteen years and seven months to "maybe seven years or less."

In his motion, Porter states that he is not seeking to vacate his plea agreement, but rather, is asking that the prosecutor's office honor "their part of the deal" by making the second motion for sentence reduction based on his substantial assistance, as allegedly promised to him by the agents with whom he met and by counsel.

The government has filed a Motion to Dismiss Porter's § 2255 Motion, asserting that as part of his plea agreement, Porter waived his right to bring this action and that his claims concerning the government's failure to make a second substantial assistance motion for downward departure have no merit. Porter responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be granted.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, the reviewing court examines the background, experience, and conduct of the defendant. *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). If the court fails to question the defendant about the waiver, it is ineffective, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992).[2]

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. The court in *Lemaster* addressed petitioner's allegations that counsel's omissions or errors caused petitioner's plea and § 2255 waiver to be invalid. *Id.* at 222-23. After finding that

---

[2] In a § 2255 proceeding, petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958).

- 6 -

such allegations contradicted petitioner's sworn statements at the plea hearing, however, the court found the § 2255 waiver to be valid and dismissed all claims as waived. *Id.* at 223.

The decision to make a Rule 35(b) motion for sentence reduction based on a defendant's substantial assistance rests entirely within the discretion of the prosecutor's office. *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). A district court has authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy only if the defendant makes an adequate showing that the refusal was "'based on an unconstitutional motive,' such as racial or religious animus, or is not rationally related to any legitimate Government end." *Id.* at 686-87 (quoting *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). Generalized allegations that petitioner provided substantial assistance and that the government had some improper motive for failing to make a promised motion for reduction are insufficient to warrant discovery or an evidentiary hearing, let alone habeas relief. *Wade*, 504 U.S. at 186. A defendant has no constitutional right to counsel in connection with a post-conviction, post-direct appeal motion under Rule 35(b) for reduction in sentence based on substantial assistance. *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005).

Under these principles, I find that Porter entered a valid waiver of his right to bring this action challenging the judgment entered against him. Although the court did not question him directly about the plea agreement provision waiving his § 2255 rights, other evidence supports a finding that the plea itself was knowing and voluntary. Porter indicated under oath to the court that he was of good health and had sufficient education and understanding of English to participate in the proceedings. His initials and signature on the pages of the plea agreement indicate that he read and understood that agreement. He also stated to the court that he did not have any questions about anything discussed during the hearing. Moreover, in his pleadings, Porter does not allege that he was unaware of the waiver provision, and he clearly states that he does not wish to invalidate his guilty plea.

Porter argues that the waiver should be held invalid because counsel coerced him into pleading guilty and failed to inform the court of his inability to read. The record contains no evidence, however, that Porter's reading problems kept him from understanding any specific provision of plea agreement or from entering a valid plea. His vague claims now that he did not understand the plea agreement or the waiver are directly contradicted by his statements to the court that he did understand and that he had no questions. The court finds that this claim must be dismissed as waived, pursuant to Section 9 of the plea agreement.

I also find that Porter has waived any claim that counsel, the prosecutor, or government agents coerced him into pleading guilty through promises of multiple substantial assistance motions. Section 13 of the plea agreement expressly states that his plea was not contingent on any such motion being made. Moreover, any claim of coercion is directly contradicted by Porter's statements during the plea hearing that outside the provisions of the plea agreement, no one had promised him anything to induce him to plead guilty.

Porter's claim that counsel provided ineffective assistance relating to his post-sentencing efforts to earn a substantial assistance motion falls outside the scope of the waiver provision, since it does not directly challenge the judgment in any way. Nevertheless, the claim must be dismissed. Because Porter has no constitutional right to counsel in post-sentencing substantial assistance proceedings, he can have no claim that counsel provided constitutionally ineffective assistance during that period. I will dismiss this claim as meritless.

Similarly, Porter's claim that law enforcement agents or prosecutors promised after sentencing to make a motion for sentence reduction under Rule 35(b) and then failed to do so falls outside the scope of his waiver. Section 13 states that "if [Porter's efforts at offering assistance to the government] result in the prosecution of another person or persons, then a motion will be made at my sentencing, or at such

- 9 -

Case 7:05-cv-00720-JPJ-mfu   Document 14   Filed 11/08/06   Page 9 of 11   Pageid#: 170

time as my efforts have been completed," for a reduction in his sentence. Porter alleges that he provided post-sentence information to the government about drug activities involving Dwayne Bell. Court records indicate that Bell was indicted on federal drug charges in May 2005 and pled guilty on November 1, 2005; Bell is scheduled for sentencing in December 2006. *See United States v. Bell*, Case No. 3:05CR00021 (W.D. Va.).

Porter's pleadings and documentation, however, are insufficient under *Wade* to warrant habeas relief or even an evidentiary hearing. 504 U.S. at 186. Section 13 of the plea agreement also states that "the determination as to whether or not [the defendant's] efforts constitute 'substantial assistance' will be solely within the discretion of the United States Attorney's Office." Porter does not allege that his information about Bell "resulted" in Bell's prosecution. At sentencing, the government indicated that information Porter had provided up to that point had merely corroborated other evidence already gathered by law enforcement agents. (Sent. Tr. 4). Porter does not allege any facts suggesting that the prosecutor failed to bring such a motion because of Porter's race or his religion or for any reason not rationally related to legitimate government purposes. Therefore, under *Wade*, I find no ground warranting conduct of an evidentiary hearing regarding the specific

reasons that the government failed to make a Rule 35(b) motion on Porter's behalf. I must also grant the Motion to Dismiss as to Porter's Rule 35(b) claim.

III

For these reasons, I find that Porter has waived his right to bring a § 2255 action challenging the criminal judgment against him and that his claims relating to his desire for a Rule 35(b) motion fail to state sufficient grounds for habeas relief. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

ENTER: November 8, 2006

/s/ JAMES P. JONES
Chief United States District Judge